Law Office of Patrick Flanigan  
By: Patrick Flanigan  
PA Attorney No.: 92794  
P.O. Box 42  
Swarthmore, PA 19081-0042  
Tel: (484) 904-7795  
Email: info@lawofficepf.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAKEETA WATTERS<br>211 Maple Avenue Timberlane<br>Coatesville, PA 19320<br>    Plaintiff,<br><br>v.<br><br>WEST CHESTER UNIVERSITY<br>OF PENNSYLVANIA<br>West Chester, PA 19383<br>  and<br>THE PENNSYLVANIA STATE SYSTEM<br>OF HIGHER EDUCATION<br>2986 North Second Street<br>Harrisburg, PA 17110<br>    Defendants. | CIVIL ACTION<br><br>NO.: 07-cv-1508  FILED<br><br>OCT - 2 2008<br><br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk<br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

**I. INTRODUCTION**

Lakeeta Watters, Plaintiff, is an adult individual who alleges through Patrick Flanigan, Esquire from the Law Office of Patrick Flanigan, seeks redress of all rights and privileges pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (race), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.* (retaliation, disability and race). Plaintiff avers as follows:

## II. PARTIES

1. Lakeeta Waters ("Plaintiff") is an adult individual who currently resides at the above-captioned address.

2. At all times material hereto, Plaintiff was a citizen of the United States, resided in the Commonwealth of Pennsylvania.

3. Defendant West Chester University of Pennsylvania ("Defendant West Chester") is a fictitious name for a public institute of higher learning maintaining an office and conducting business at the above-captioned address and, at all times material hereto, also transacted business in Philadelphia County, Pennsylvania and employed Plaintiff.

4. Defendant The Pennsylvania State System of Higher Education ("Defendant PA State") is a fictitious name for a publicly-funded provider of higher learning maintaining an office and conducting business at the above-captioned address and, at all times material hereto, also transacted business in Philadelphia County, Pennsylvania and employed Plaintiff.

## III. JURISDICTION AND VENUE

5. The above mentioned paragraphs are incorporated as if set forth more fully herein.

6. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12111 *et seq.*, the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq.*, and the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a), to hear and

       decide claims arising under the laws of the Commonwealth of Pennsylvania and under the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 *et seq.*

7. On or about October 24, 2005, Plaintiff exhausted the administrative remedies by submitting a verified complaint to the Pennsylvania Human Relations Commission (PHRC) and was issued case number 200501855 (race discrimination), and later on December 28, 2006, Plaintiff filed an Amended Complaint and was issued case number 200601431 (retaliation and reasonable accommodation for medical conditions). The allegations set forth in both PHRC complaints are fully incorporated herein.

8. These two PHRC verified complaints were dual filed with the Equal Employment Opportunity Commission (EEOC) and Plaintiff was issued charge numbers 17FA660106 and 17F200760102, respectively.

8. On January 16, 2007, Plaintiff was issued a <u>Notice of Suit Rights</u> by the EEOC.

9. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania inasmuch as all parties regularly conduct business within this District and the acts complained of by Plaintiff arose herein.

### IV. FACTUAL BACKGROUND

10. The above mentioned paragraphs are incorporated as if set forth more fully herein.

11. During December 2001, Plaintiff was hired by Defendants as a fiscal assistant in the payroll department.

12. Plaintiff was the only African-American in the payroll department, which consisted of three employees and one manager.

13. In 2003, Defendants began a training program for fiscal assistants in the payroll department on newly installed SAP software.

14. During a general employee meeting, who also included the human resources department, Defendants announced that all employees in the payroll department would receive the SAP training.

15. Plaintiff complained to Marlene Civetella-Vining (Caucasian), her manager, that she was being denied attendance to the SAP training sessions.

16. Plaintiff complained to Scott Sherman (Caucasian), liaison to SAP, that she was being denied attendance to the SAP training sessions.

17. Although there were twelve (12) SAP training sessions, Plaintiff was permitted to attend only two (2) training sessions. Further, Plaintiff was granted permission to attend SAP sessions only on days in lieu of attending her union grievance proceedings.

18. Late August and early September 2005, Plaintiff was on a medical leave of absence for about two weeks.

19. On or about September 15, 2005, Ms. Civetella-Vining told Plaintiff that she was being removed from most of her pre-FMLA job assignments on the SAP software and those job accountabilities were now undertaken by Ms. Michelle Dix and Ms. Carol Rooney, who are both Caucasian employees in the payroll department.

20. In response to Plaintiff's on-going requests for SAP job duties and to also attend SAP training sessions, Ms. Civetella-Vining told Plaintiff that if she continued to complain that Plaintiff would have further job assignments removed from her job accountabilities.

21. As a consequence of Ms. Civetella-Vining eliminating and reducing Plaintiff's job responsibilities, she was demoted to perform basic tasks and denied opportunities.

22. Ms. Dix and Ms. Rooney, who were employed less time than Plaintiff, were permitted to attend all twelve (12) SAP training sessions and were provided additional SAP

opportunities thereafter.

23. During the summer 2006, Plaintiff was medically diagnosed with an autoimmune disease and was symptomatic.

24. On September 6, 2006, Plaintiff provided a medical note to Mr. Michael Maloy, HR Director, and Ms. Civitella-Vining, manager.

25. On September 18, 2006, the treating physician ordered that Plaintiff be transferred to another position; or alternatively, be provided a medical leave of absence because the work environment was exacerbating the disease. Plaintiff provided this medical note to Ms. Civitella-Vining.

26. On November 30, 2006, the physician completed the FMLA "Certification of Health Care Provider" form for a medical leave of absence. Plaintiff provided this form to Ms. Diane Dunn, FMLA benefits director in human resources department.

27. On December 12, 2006, Plaintiff again provided a medical note to Mr. Maloy during a union grievance hearing.

28. On December 19, 2006, Plaintiff wrote to Mr. Maloy, specifically requesting accommodations within the medical restrictions set forth by the treating physician.

29. On January 3, 2007, Mr. Maloy wrote Plaintiff acknowledging her request for reasonable accommodation, but he failed to engage in an interactive process. In fact, he stated the request would cause "additional confusion" and Plaintiff should seek her own accommodations.

30. Not until June 6, 2007, was Plaintiff granted the FMLA leave of absence.

31. While Plaintiff was on a medical leave of absence, Defendants scheduled a disciplinary meeting on June 18, 2007, requiring the attendance of Plaintiff.

32. Rather than attend the disciplinary proceeding, Plaintiff resigned on June 18, 2007.

## COUNT I

### UNLAWFUL INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C.A. § 2601 et seq.

### PLAINTIFF V. DEFENDANTS WEST CHESTER AND PA STATE

33. The above-mentioned paragraphs are incorporated as if set forth more fully herein.

34. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § (a)(1)(D), Plaintiff was eligible for Family and Medical Leave.

35. At all times material hereto, Plaintiff believes that Defendants had at least 50 employees including volunteers for 20 or more calendar work weeks during the pertinent year, or the preceding year, and within 75 mile radius.

36. Plaintiff was employed for at least 12 months and had worked at least 1,250 hours during the 12 months preceding the leave of absence.

37. Plaintiff has statutory rights to be free from interference under the Family and Medical Leave Act, 29 U.S.C.A. § 2601 et seq., which Defendants violated, including, but not limited to, as follows:

   a. On November 30, 2006, the physician completed the "Certification of Health Care Provider" for a medical leave of absence;

   b. On December 12, 2006, Plaintiff again provided the medical note to Defendants;

   c. On December 19, 2006, Plaintiff wrote to Mr. Maloy, specifically requesting accommodations within the medical restrictions set forth by the treating physician;

   d. On January 3, 2007, Mr. Maloy wrote Plaintiff acknowledging her request for reasonable accommodation, but he failed to engage in an interactive process. In fact, he stated the request would cause "additional confusion" and Plaintiff should seek her own accommodations; and

  e. Not until June 6, 2007, was Plaintiff granted the medical leave of absence by Defendants.

38. In addition, Defendants had an employee handbook and failed to provide Plaintiff the benefits provided therein.

  **WHEREFORE,** Plaintiff demands relief consistent with all remedies available under law including punitive damages against Defendants.

## COUNT II

### AMERICAN WITH DISABILITIES ACT (ADA), 42 U.S.C. § 12111 *et seq.* DISABILITY DISCRIMINATION, RETALIATION AND INTERFERENCE

### <u>PLAINTIFF V. DEFENDANTS WEST CHESTER AND PA STATE</u>

39. The above mentioned paragraphs are incorporated as if set forth more fully herein.

40. Pursuant to 42 U.S.C. § 12102(2)(A), (B) and (C), Plaintiff is a qualified disabled individual within the meaning of the ADA because:

  a. of physical and/or mental impairment(s) that substantially limit one or more major life activities;

  b. Plaintiff has a record of such impairment(s); or

  c. Plaintiff was regarded as having such impairment(s).

41. At all times material hereto, Plaintiff was a qualified individual with a disability, which did not prevent performance of the essential functions of the job.

42. At all times material hereto, Defendants knew, or should have known, of Plaintiff's need for reasonable accommodation.

43. Defendants failed to accommodate Plaintiff including, but not limited to, refusing to

consider alternative measures of reasonable accommodation such as a leave of absence or transfer of position and further Defendants failed to engage in an interactive process with Plaintiff.

44. Pursuant to Section 503, it is unlawful to retaliate or interfere with the exercising any rights protected under the ADA. Defendants' retaliation and interference include, but are not limited to the following:

   a. Repeated refusal to engage in an "interactive process";

   b. Unilateral determination, or alternatively the failure to make a determination, whether Plaintiff was being reasonably accommodated; and

   c. Failure to maintain an ADA policy, and/or failure to implement a company policy.

45. Defendants' failure to engage in an interactive process with Plaintiff violated 29 C.F.R. § 1630.2(o)(3), and deprived Plaintiff reasonable accommodation.

46. Pursuant to 42 U.S.C. § 12112(b)(5)(A), Defendants' refusal to reasonably accommodate Plaintiff in the performance of work-related duties is a deprivation of Plaintiff's protected rights under the ADA.

47. As a direct and proximate result of Defendants' unlawful discrimination and retaliation, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

48. Defendants acts were willful, wanton, malicious, <u>retaliatory</u> and oppressive and with reckless disregard for Plaintiff's federally protected rights; therefore, justifying the imposition of punitive damages.

49. Plaintiff demands favorable judgment against Defendants for all available equitable relief, all past and present wages, salary, employment benefits, counsel fees and costs or other compensation denied or lost by reason of the aforesaid violations.

**WHEREFORE**, Plaintiff demands favorable judgment against Defendants for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violation aforesaid. Further, Plaintiff seeks punitive damages in addition to counsel fees, costs and other relief as deemed necessary by the Court.

## COUNTS III and IV

### PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa. C.S.A. § 951 *et seq.* DISABILITY DISCRIMINATION (III) AND RETALIATION (IV)

### PLAINTIFF V. DEFENDANTS WEST CHESTER AND PA STATE

50. The above-mentioned paragraphs are incorporated as if set forth more fully herein.

51. Plaintiff is an individual with a disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, with a physical impairment, which substantially limits one or more major life activities.

52. Plaintiff is also a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, having a record of impairment and/or perceived disability.

53. Plaintiff's disability did not substantially interfere with Plaintiff's ability to perform the essential functions of the job.

54. Defendants knew, or should have known, of Plaintiff's need for reasonable accommodation.

55. Plaintiff requested meetings with Defendants to discuss reasonable accommodation.

56. Defendants failed to implement any accommodation, including the aforementioned request for accommodation, and as a threshold matter failed to engage in the "interactive process" to determine whether permitting an accommodation would impose an undue hardship on Defendants.

57. Defendants' refusal to accommodate Plaintiff in the performance of the job duties is a violation of the Pennsylvania Human Relations Act and deprived Plaintiff the right to reasonable accommodation; and such refusal constitutes a violation of 43 Pa. Cons. Stat. Ann.§§ 954(b), (p) and (p.1) & 955 & 16 Pa. Admin. Code § 44.14(a).

58. Despite Plaintiff's requests for reasonable accommodation and the availability of reasonable accommodation, Defendants failed to engage in an "interactive process" and denied Plaintiff reasonable accommodation in violation of 43 P.S. § 951 *et seq.*

59. Defendants together with Mike Maloy, HR Director, and Ms. Marlene Civitella-Vining, manager violated 43 Pa. Cons. State. Ann. § 955(e) by aiding, abetting, inciting, obstructing, collaborating, participating, and conspiring in the discrimination that forms the basis of this Complaint and intended to aid Defendants' discriminatory behavior or shared some common purpose with Defendants.

60. Defendants' acts were willful, wanton, malicious, <u>retaliatory</u> and oppressive and with reckless disregard for Plaintiff's protected rights; therefore, justifying the imposition of punitive damages.

61. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful

embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

62. Plaintiff demands favorable judgment against all Defendants for all available equitable relief, all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violation aforesaid.

**WHEREFORE**, Plaintiff demands favorable judgment against Defendants for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violation aforesaid.

## COUNT V

## PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa. C.S.A. § 951 *et seq.*
## RACE BASED DISCRIMINATION

### PLAINTIFF V. DEFENDANTS WEST CHESTER AND PA STATE

63. The above-mentioned paragraphs are incorporated as if set forth more fully herein.

64. At all times material hereto, Plaintiff was subjected to adverse employment action by Defendant based upon race including, but not limited to, job demotion, denial of ADA and FMLA rights and constructive discharge.

65. The aforementioned discrimination was motivated because of Plaintiff's race.

66. It is believed and averred that Defendants instigated and/or knew or should have known of the offensive treatment, which created a hostile work environment for Plaintiff.

67. The race discrimination which Plaintiff seeks to redress constituted employment practices which are made unlawful by the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*

68. As a direct and proximate result of Defendants unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has been deprived of economic and non-economic benefits including; but not limited to wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

69. Plaintiff demands a favorable judgment against Defendants for all available equitable relief and all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violation aforesaid.

**WHEREFORE**, Plaintiff demands favorable judgment against Defendants for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violation aforesaid. Further, Plaintiff seeks punitive damages in addition to counsel fees, costs and other relief as deemed necessary by the Court.

### COUNT VI

### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### RACE BASED DISCRIMINATION

### PLAINTIFF V. DEFENDANTS WEST CHESTER AND PA STATE

70. The above-mentioned paragraphs are incorporated as if set forth more fully herein.

71. At all times material hereto, Plaintiff has been subjected to adverse employment action by Defendants based upon race including, but not limited to, demotion and constructive discharge.

72. It is believed and averred that Defendants instigated and/or knew or should have known of the offensive treatment, which created a hostile work environment for Plaintiff.

73. The racial discrimination which Plaintiff seeks to redress constituted employment

practices which are made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

74. As a direct and proximate result of Defendants' unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

75. The above-mentioned acts were willful, wanton, malicious, oppressive and done with reckless disregard for Plaintiff's federally protected rights, therefore justifying the imposition of punitive damages.

76. Plaintiff demands favorable judgment against Defendants for all available equitable relief, all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violation aforesaid.

**WHEREFORE**, Plaintiff demands favorable judgment against Defendants for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violation aforesaid. Further, Plaintiff seeks punitive damages in addition to counsel fees, costs and other relief as deemed necessary by the Court.

## COUNT VII

### REHABILITATION ACT of 1973, 29 U.S.C. § 701 et. seq.
### DISABILITY DISCRIMINATION

### PLAINTIFF V. DEFENDANTS WEST CHESTER AND PA STATE

77. The above mentioned paragraphs are incorporated as if set forth more fully herein.

78. Defendants are the recipient of federal financial assistance, and are therefore subject to

compliance with the provisions of the Rehabilitation Act.

79. Plaintiff is a qualified individual under the Rehabilitation Act having a disability that substantially limits an ability to perform one or more substantial life activities.

80. Plaintiff is also a qualified individual under the Rehabilitation Act with a record of impairment or is perceived to have a disability, which substantially limits an ability to perform one or more substantial life activities.

81. Plaintiff was able to perform the essential functions of the job position with or without reasonable accommodation.

82. Plaintiff was not reasonably accommodated and was subjected to retaliation and interference of rights including Section 504 of the Rehabilitation Act, 29 U.S.C. 794.

83. As a direct and proximate result of Defendants wrongful and intentional treatment, Plaintiff has been deprived of economic and non-economic benefits, including but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, pain embarrassment among family, friends and co-workers, disruption of personal life as well as loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff demands favorable judgment against Defendants for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violation aforesaid. Further, Plaintiff seeks punitive damages in addition to counsel fees, costs and other relief as deemed necessary by the Court.

Respectfully submitted,

**Patrick Flanigan**
Digitally signed by Patrick Flanigan
DN: cn=Patrick Flanigan, o=Law Office of Patrick Flanigan, ou=Esquire, email=info@lawofficepf.com, c=US
Date: 2008.09.21 08:01:50 -04'00'

PATRICK FLANIGAN

## VERIFICATION

I, Patrick Flanigan, verify that I am the attorney for Plaintiff, Lakeeta Watters, in the above captioned matter and that the information contained in the foregoing *Second Amended Complaint* is true and correct to the best of my knowledge, information and belief after reasonable inquiry.

The undersigned understands the verifications herein are made subject to 28 U.S.C. § 1746.

By: **Patrick Flanigan**
Digitally signed by Patrick Flanigan
DN: cn=Patrick Flanigan, o=Law Office of Patrick Flanigan, ou=Esquire, email=info@lawofficepf.com, c=US
Date: 2008.09.21 08:02:08 -04'00'

PATRICK FLANIGAN
Attorney for Plaintiff
Law Office of Patrick Flanigan
PA Attorney No.: 92794
P.O. Box 42
Swarthmore, PA 19081-0042
Tel: (484) 904-7795
Email: info@lawofficepf.com

Date: September 21, 2008

FILED

OCT - 2 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk